IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01859-CMA-MEH

MICHAEL L. VISCARELLI, D.C.

    Plaintiff,

v.

MICHAEL SIMONE, D.C., President of the Colorado Board of Chiropractic Examiners, in his official capacity;
MICHELLE WENDLING, D.C., Vice President of the Colorado Board of Chiropractic Examiners, in her official capacity;
ALEXANDRA ZUCCARELLI, Secretary of the Colorado Board of Chiropractic Examiners, in her official capacity;
SARA SCHMIDT, D.C., Member of the Colorado Board of Chiropractic Examiners, in her official capacity;
KEITH MOY, NLC, Member of the Colorado Board of Chiropractic Examiners, in his official capacity;
RANDY KNOCHE, D.C., Member of the Colorado Board of Chiropractic Examiners, in his official capacity;
DONALD CORENMAN, M.D., D.C., Member of the Colorado Board of Chiropractic Examiners, in his official capacity;
CHERIS FRAILEY, Program Director for the Colorado Board of Chiropractic Examiners; in her official capacity;
COLORADO BOARD OF CHIROPRACTIC EXAMINERS;

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the September 17, 2020 Recommendation of United States Magistrate Judge (Doc. # 38), wherein Magistrate Judge Michael E. Hegarty recommends that this Court grant Defendants' Motion to Dismiss (Doc. # 21)

and deny Plaintiff's Motion for Preliminary Injunction (Doc. # 35). Plaintiff timely objected to the Recommendation. For the following reasons, the Court adopts the Recommendation.

## I.     BACKGROUND

Judge Hegarty's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's objections to the Recommendation.[1]

Plaintiff, Dr. Michael L. Viscarelli, has been a licensed chiropractor in Colorado since January 5, 2012. (Doc. # 1 at ¶ 15.) Defendant Colorado Board of Chiropractic Examiners ("the Board") is a state agency authorized by the Chiropractic Practice Act, Colo. Rev. Stat. § 12-215-101, *et seq.*, to license chiropractors. (*Id.* at ¶ 18.) Individual Defendants Michael Simone, Michelle Wendling, Alexandra Zuccarelli, Randy Knoche, Sara Schmidt, Keith Moy, and Donald Corenman were members of the Board at all relevant times, and Defendant Cheris Frailey is the Board's Program Director. (*Id.* at ¶¶ 20–27.)

In October 2018, Plaintiff and the Board entered into a stipulation that required Plaintiff to "undergo practice monitoring and complete eight hours of continuing education in recordkeeping" ("Stipulation"). (*Id.* at ¶¶ 45–46.) Plaintiff contends that he

---

[1] The Court draws the following factual allegations from Michael L. Viscarelli, D.C.'s Verified Complaint ("Complaint") (Doc. # 1) and assumes they are true for the purposes of the instant Motion to Dismiss. *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991) ("A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.").

"attempted to comply with the Stipulation[,]" by completing the required continuing education and submitting the names of three proposed practice monitors to the Board staff within 30 days of the effective date of the Stipulation. (*Id.* at ¶¶ 53, 56, 64.) Plaintiff's compliance with the Stipulation required Board involvement, specifically, Board approval of a practice monitor.

At a November 14, 2019 Board meeting, the only agenda item regarding Plaintiff was his request for approval of his proposed practice monitor. *Id.* at ¶ 81. Nevertheless, at that meeting, the Board voted to summarily suspend Plaintiff's license. (*Id.* at ¶ 83.) Plaintiff asserts he "was not given notice that the Board would consider action against his license at the November meeting and was not provided an opportunity to be heard." (*Id.* at ¶ 82.) On November 20, 2019, the Board entered the order, formalizing its prior vote, which summarily suspended Plaintiff's chiropractic license ("Summary Suspension Order"). (*Id.* at ¶¶ 16, 85.) The basis for the Board's "summary suspension was alleged lack of a practice monitor and alleged failure to complete continuing education requirements in compliance with the Stipulation." (*Id.* at ¶ 87.) The Board explained that it found "objective and reasonable grounds to believe . . . that [Plaintiff] is not safe to practice as a chiropractor with reasonable skill and safety to patients and the public health, safety, and welfare imperatively requires emergency action." (*Id.* at ¶ 88.)

On December 5, 2019, following the summary suspension of Plaintiff's license, the Board "filed a Notice of Charges against [Plaintiff] before the Office of Administrative Courts." (*Id.* at ¶ 97.) The Board's sole count against Plaintiff was his alleged failure to "adhere to the requirements of the Stipulation." (*Id.* at ¶ 98.) An administrative hearing

3

before the Office of Administrative Courts was originally scheduled to begin on February 24, 2020. (*Id.* at ¶ 150.) The hearing has been continued at Plaintiff's request on three occasions.[2] To date, no hearing has occurred. (*Id.* at ¶ 7.) Plaintiff maintains that the hearing will occur only "after [he] has had the opportunity to obtain discovery as to testimony and documents he requested in mid-January 2020." (*Id.* at ¶ 155.) The Board maintains that the summary suspension on Plaintiff's license will remain in place throughout all delays in the hearing date. (*Id.* at ¶ 141.)

Plaintiff initiated the instant case on June 23, 2020, almost seven months after the Board filed the Notice of Charges against Plaintiff. In his Complaint, Plaintiff asserts the four claims for relief against Defendants:

> His first claim is pursuant to 42 U.S.C. § 1983 for violation of due process. The second claim seeks an injunction pursuant to 42 U.S.C. § 1983, Colo. Rev. Stat. [ ] § 24-4-106(8), and Colo. R. Civ. P. 65. Plaintiff's third claim requests that the Court compel issuance of his license pursuant to Colo. R. Civ. P. 106 and Colo. Rev. Stat. § 24-4-106(7). Finally, Plaintiff's fourth claim is for the Board's alleged unconstitutional application of Colo. Rev. Stat. §§ 24-4-104(4) and 24-4-105(12) in summarily suspending his license.

(Doc. # 38 at 5) (citing Doc. # 1 at ¶¶ 186–202, 212–17). Defendants filed the instant Motion to Dismiss on July 17, 2020. (Doc. # 21.) Plaintiff filed the instant Motion for Preliminary Injunction on September 3, 2020. (Doc. # 35.) The Court referred both Motions to Judge Hegarty, who issued his Recommendation on September 17, 2020.

---

[2] Plaintiff avers that the first continuance was necessitated by Defendants' obstruction of Plaintiff's access to relevant documents during discovery. (*Id.* at ¶¶ 140, 142.) The hearing was continued a second time because Plaintiff was "unable to obtain complete deposition testimony and the production of withheld documents in advance of the rescheduled hearing." (*Id.* at ¶ 151.) Defendants noted in their Response to Plaintiff's Supplement that the hearing has been continued a third time at Plaintiff's request. (Doc. # 48 at 6.)

(Doc. ## 34, 36, 38.) Plaintiff timely filed Dr. Viscarelli D.C.'s Objection to Magistrate's Recommendation Regarding Defendants' Motion to Dismiss ("Objection") (Doc. # 40), to which Defendants responded (Doc. # 40). The Court granted Plaintiff leave to supplement his Objection and granted Defendants leave to respond to Plaintiff's Supplement. (Doc. ## 45, 48.)

## II.     LEGAL STANDARDS

### A.    REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

## B. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*24, 518 F.3d 1186, 1189 (10th Cir. 2008).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When reviewing a facial attack, a court takes the allegations in the complaint as true, but when reviewing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

### III. DISCUSSION

In the Recommendation, Judge Hegarty concluded that the Motion to Dismiss should be granted on two independent bases—i.e., (1) that Defendants are immune from liability under the Eleventh Amendment; and (2) that the *Younger* abstention doctrine requires this Court to abstain from exercising jurisdiction over Plaintiff's claims because of the ongoing administrative proceeding against him.

A court may address jurisdictional issues in any order it finds convenient, and *Younger* abstention is jurisdictional. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228–29 (10th Cir. 2004) (citations omitted). Herein, the Court concludes that *Younger* mandates abstention in this case, so it does not reach Defendants' alternative argument concerning the Eleventh Amendment. *See id.* (explaining that *Younger* abstention moots any other challenge to a plaintiff's claims, including a different jurisdictional challenge).

### A.   APPLICABLE LAW

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Reinhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Pursuant to the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction when the following three conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amantullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert denied*, 523 U.S. 1005 (1998)). Where these conditions are met, "*Younger*

abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citing *Seneca-Cayuga Tribe v. Okla.*, 874 F.2d 709, 711 (10th Cir. 1989)).

**B.    ANALYSIS**

Judge Hegarty concluded in his Recommendation that all three conditions of *Younger* abstention are present in this case and that no extraordinary circumstances bar the Court from abstaining under *Younger*. (Doc. # 38 at 12–17.) With respect to the first condition, Judge Hegarty concluded that there in an ongoing administrative proceeding against Plaintiff that is the type of coercive, civil enforcement action afforded deference under *Younger*. (*Id.* at 13–15.) With respect to the second condition, Judge Hegarty concluded that the administrative proceeding provides an adequate forum to hear Plaintiff's federal claims because (1) Plaintiff could raise his constitutional claims before the administrative law judge, and (2) the final agency determination will be subject to judicial review. (*Id.* at 15–16.) With respect to the third condition, Judge Hegarty concluded that the administrative proceedings against Plaintiff concern important state interests—i.e., the licensing and discipline of chiropractors, a type of medical provider.[3] (*Id.* at 16.) Finally, Judge Hegarty found that Plaintiff did not raise

---

[3] The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (Doc. # 38 at 18.) Despite this advisement, neither party objected to the Recommendation to the extent it concludes that the third condition for *Younger* abstention—i.e., that "the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies'"—is satisfied in this case. *Amantullah*, 187 F.3d at 1163. In the absence of a timely objection, "the district court may review a [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing

extraordinary circumstances barring the Court's application of *Younger* and, therefore, the Court must abstain from exercising jurisdiction in this case. (*Id.* at 17.)

In his Objection, Plaintiff asserts that *Younger* abstention is inapplicable on three grounds: (1) there is no ongoing proceeding against him because the summary suspension of his license and the disciplinary proceedings against him are not intertwined; (2) the administrative proceeding against him does not provide an adequate forum or remedy; and (3) he will suffer irreparable injury if the Court abstains. The Court addresses each objection in turn and adopts the Recommendation.

1. Ongoing Proceeding

The first condition of *Younger* abstention—ongoing state administrative proceedings—involves two subparts: the proceedings must be ongoing and they must be the type of proceedings afforded *Younger* deference. *Hunter v. Hirsig*, 660 F. App'x 711, 715 (10th Cir. 2016) (citing *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009)).

a. The proceedings against Plaintiff are ongoing

Plaintiff first argues that he is not attempting to interfere in an ongoing proceeding against him because the summary suspension and the disciplinary proceeding are not intertwined. In so arguing, Plaintiff attempts to frame the summary

---

*Thomas v. Arn*, 474 U.S. 140, 150 (1985)). After reviewing the Recommendation's findings and conclusions related to the third *Younger* condition, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and adopts the Recommendation's findings and conclusions regarding the third *Younger* factor.

suspension and the disciplinary proceeding as distinct proceedings. *See* (Doc. # 40 at 10) (highlighting, *inter alia*, that the disciplinary proceeding has a separate case number from the Order of Summary Suspension). The Court finds that the summary suspension and disciplinary proceeding are part of a single administrative proceeding against Plaintiff for the purposes of *Younger* abstention.

The Supreme Court has recognized that "a necessary concomitant of *Younger* is that a party in [the federal plaintiff's] posture must exhaust his state appellate remedies before seeking relief in the [federal] District Court." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (emphasis added). Although the Supreme Court "has not squarely extended this exhaustion principle to preceding state administrative proceedings, it has assumed without deciding 'that an administrative adjudication and the subsequent state court's review of it count as a 'unitary process' for *Younger* purposes.'" *Hunter*, 660 F. App'x at 715 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

Applying these principles to this case, the Court concludes that the summary suspension, disciplinary proceeding, and subsequent state court review constitute a unitary process for *Younger* purposes. The summary suspension and disciplinary proceeding are part of the same statutory scheme. Under Colo. Rev. Stat. § 24-4-104(4), the Board may summarily suspend a license, under certain circumstances, prior to initiating disciplinary proceedings. The Board is authorized to maintain the summary suspension "pending proceedings for suspension or revocation which shall be promptly instituted and determined." Colo. Rev. Stat. § 24-4-104(4)(a). The Board may initiate those proceedings through the filing of a written complaint, Colo. Rev. Stat. § 24-4-

10

104(5), and a prompt, post-deprivation hearing must follow in cases of summary suspension. Colo. Rev. Stat. §§ 24-4-104(6), -105(12); *Colorado State Bd. of Med. Examiners v. Colorado Court of Appeals*, 920 P.2d 807, 812 (Colo. 1996) (noting "summary suspension followed by a prompt post-deprivation hearing affords procedural due process"). After such hearing, and upon receipt of the administrative law judge's determination, the Board may remand the case for further proceedings or "it may affirm, set aside, or modify the order or any sanction or relief entered therein, in conformity with the facts and the law." Colo. Rev. Stat. § 24-4-105(15)(b). Upon review of the statutes, the Court concludes that summary suspension and disciplinary proceedings are part of the same administrative proceeding for *Younger* purposes.

Having concluded that the summary suspension and disciplinary proceeding against Plaintiff are part of the same administrative proceeding, the Court also finds that the proceeding is ongoing. The Board summarily suspended Plaintiff's license on November 20, 2019, and filed a Notice of Charges against Plaintiff before the Office of Administrative Courts on December 5, 2019. An administrative hearing was originally scheduled to begin on February 24, 2020, but has been continued on three occasions at Plaintiff's request. The hearing has yet to take place. Accordingly, the administrative proceeding against Plaintiff is ongoing.

> b. *The administrative proceeding against Plaintiff is the type of proceeding afforded Younger deference*

In *Sprint*, 571 U.S. 69, the Supreme Court clarified what types of civil enforcement actions are entitled to *Younger* deference. It explained that such actions

> are characteristically initiated to sanction the federal plaintiff, *i.e.,* the party challenging the state action, for some wrongful act. In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action. Investigations are commonly involved, often culminating in the filing of a formal complaint or charges.

*Id.* at 79–80 (citations omitted).

The administrative proceeding against Plaintiff in this case is a mandatory, state-initiated proceeding. The Board, a state agency, filed a formal Notice of Charges against Plaintiff. It then initiated a hearing before an administrative law judge through the Colorado Office of Administrative Courts. That hearing will concern what sanctions, if any, are appropriate as a result of Plaintiff's alleged violation. Based on these factors, the Court finds that the administrative proceeding against Plaintiff is consistent with the kinds of proceedings afforded *Younger* deference by the Supreme Court and the Tenth Circuit. *See, e.g.*, *Middlesex County Ethics Committee v. Garden State Bar Assn.,* 457 U.S. 423, 433–435 (1982) (affirming *Younger* abstention where an investigation and formal complaint preceded a hearing, an agency of the state's supreme court initiated the hearing, and the purpose of the hearing was to determine whether a lawyer should be disciplined for his failure to meet the state's standards of professional conduct); *Gibson v. Berryhill,* 411 U.S. 564, 576–577 (1973) (explaining that "administrative proceedings looking toward the revocation of a license to practice medicine may in proper circumstances command the respect due court proceedings"); *Hunter*, 660 F. App'x 711 (affirming *Younger* abstention in the context of a state administrative proceeding to revoke an insurance agent's license); *Amanatullah*, 187 F.3d at 1162

(affirming *Younger* abstention in the context of an administrative disciplinary proceeding brought by the Colorado Board of Medical Examiners to revoke a medical license).

Accordingly, Judge Hegarty correctly concluded that the first condition of *Younger* abstention is satisfied in this case, and Plaintiff's objection is overruled.

2. Adequacy of the Administrative Proceedings

Next, Plaintiff asserts that the administrative proceeding against him does not provide an adequate remedy because **the administrative court** cannot grant him relief from the summary suspension of his chiropractic license. In so arguing, Plaintiff effectively urges the Court to construe the second *Younger* factor to require that the claims raised in his federal complaint can be heard at the upcoming administrative hearing, instead of at some later point in the broader administrative proceeding.

Plaintiff's proposed construction of the second *Younger* factor is impermissibly restrictive. As previously established, the Supreme Court has recognized that a party must exhaust his state appellate remedies before seeking relief in the federal district court and has assumed without deciding that an administrative adjudication and subsequent state court review count as a unitary process for *Younger* purposes. *See Huffman*, 420 U.S. at 608; *Hunter*, 660 F. App'x at 715 (quoting *Sprint*, 571 U.S. at 78). Therefore, the Court concludes that the second *Younger* factor requires the Court to consider whether the administrative proceeding as a whole, including subsequent state court review, provides Plaintiff an adequate remedy.

"It is sufficient for purposes of *Younger* abstention that federal challenges," including "civil rights complaints, may be raised in state court judicial review of

13

administrative proceedings." *Amanatullah*, 187 F.3d at 1164 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 629 (1986)); *see also Middlesex County Ethics Committee v. Garden State Bar Assn.,* 457 U.S. 423, 436 (1982) (explaining the same in the context of disciplinary proceedings brought by a state ethics committee). In this case, the final Board decision that follows the administrative hearing will be subject to judicial review pursuant to Colo. Rev. Stat. § 24-4-10. Plaintiff may raise his federal claims, as well as the remedy of reinstatement of his chiropractic license, during that state judicial review of the final agency determination. Accordingly, the Court finds that the administrative proceeding against Plaintiff provides an adequate forum and remedy under *Younger*. Plaintiff's objection on this basis is also overruled.

    3.    <u>Irreparable Injury</u>

Lastly, Plaintiff argues that this Court should not abstain under *Younger* because he will suffer irreparable injury. Specifically, Plaintiff argues that he "will continue to be deprived of his ability to practice the profession from which he earns his livelihood if the suspension is not lifted." (Doc. # 40 at 12.)

The Supreme Court has instructed that federal courts should not intervene in state proceedings "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 43 (1971). The Tenth Circuit has held that *Younger* abstention does not apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Amantullah*, 187 F.3d at 1165 (citing *Perez v.*

*Ledesma*, 401 U.S. 82, 85 (1971)). It is well settled that economic loss "usually does not, in and of itself, constitute irreparable harm [because] such losses are compensable by monetary damages." *Heideman v. South Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (citing 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2948.1, at 152–53 (2d ed. 1995)).

Plaintiff has failed to allege irreparable harm that is both great and immediate because he has failed to establish that the suspension of his license and the corresponding loss of income would not be compensable through monetary damages. *See Heideman*, 348 F.3d at 1189; *see also Sampson v. Murray,* 415 U.S. 61, 90 (1974) (noting that "temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury"). Moreover, the Court is not persuaded by Plaintiff's contention that allegations of a constitutional violation are sufficient to waive a showing of irreparable harm in the *Younger* abstention context. *See, e.g.*, *Hunter*, 660 F. App'x 711 (affirming district court's abstention under *Younger* abstention where plaintiff brought constitutional claims); *Amanatullah*, 187 F.3d at 1162 (same). Accordingly, the Court finds that Plaintiff has failed to demonstrate extraordinary circumstances in this case and concurs with Judge Hegarty's conclusion that it must, therefore, abstain under *Younger*.[4]

### IV.   **CONCLUSION**

---

[4] Lastly, the Court notes that failure to abstain in this case would invite intervention by federal courts in countless pending state agency proceedings. Indeed, Plaintiff's argument that continued summary suspension of his license is improper could be advanced by plaintiffs in virtually every administrative proceeding in which the Board summarily suspends a license.

15

For the foregoing reasons, it is ORDERED as follows:

- the September 17, 2020 Recommendation of United States Magistrate Judge (Doc. # 38) is AFFIRMED AND ADOPTED as an Order of this Court;
- Defendants' Motion to Dismiss (Doc. # 21) is GRANTED pursuant to *Younger v. Harris*, 401 U.S. 37, 43 (1971), and its progeny;
- Plaintiff's Motion for Preliminary Injunction (Doc. # 35) is DENIED AS MOOT; and
- the Clerk of Court is respectfully directed to close this case.

DATED: January 4, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge